UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONITA BROOKINS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| STAPLES, INC.[1], | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S NOTICE OF REMOVAL

Staples Contract and Commercial, Inc. ("Defendant" or "Staples"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of Civil Action No. 11-01564, which is pending in the Superior Court for Middlesex County, Commonwealth of Massachusetts. In support of its Notice of Removal, Defendant states as follows:

1. On or about May 6, 2011, Ronita Brookins ("Plaintiff") filed her Complaint in Middlesex Superior Court, titled *Ronita Brookins v. Staples, Inc.*, Civil Action No. 11-01564. Plaintiff alleges that Defendant violated 29 U.S.C. § 2617 (Family & Medical Leave Act).

2. On or about May 26, 2011, Plaintiff filed a First Amended Complaint & Jury Demand, alleging Defendant violated 29 U.S.C. § 2617, M.G.L. c. 151B §(16), and M.G.L. c. 151B § 4(16).

3. Defendant was served with Summons and a copy of Plaintiff's Amended Complaint on June 1, 2011. Copies of the Summons, Plaintiff's Complaint and Amended

---

[1] Plaintiff has incorrectly named Staples, Inc. as the corporate defendant. Plaintiff's employer was Staples Contract and Commercial, Inc., and as such, is the properly named corporate defendant.

Complaint, and all other process, pleadings and orders served on Defendant are attached hereto as Exhibit A.

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's federal law claim arises under the Constitution, laws or treaties of the United States.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

5.      This Court has supplemental jurisdiction over the alleged violation of M.G.L. c. 151B §(16) and M.G.L. c. 151B § 4(16) in this action pursuant to 28 U.S.C. § 1367.

6.      Because this action is pending in Middlesex Superior Court, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

7.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Defendant's receipt of a copy of the amended initial pleading setting forth the claim for relief upon which this action is based.

8.      Prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel, and to the Civil Clerk for Middlesex Superior Court, as required by 28 U.S.C. § 1446(d).  A copy of the notice is attached as Exhibit B.

WHEREFORE, Defendant Staples Contract and Commercial, Inc. hereby petitions to remove this case from the Superior Court for Middlesex County, Commonwealth of Massachusetts, and requests that this Court assume full jurisdiction of the case herein as provided by law.

Respectfully submitted,

Staples Contract and Commercial, Inc.

By its attorneys,

*/s/ Anthony S. Califano*
Ariel D. Cudkowicz (BBO No. 550577)
email: acudkowicz@seyfarth.com
Anthony S. Califano (BBO No. 661136)
email: acalifano@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Fax:             (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2011, a copy of the foregoing document was filed electronically [and served by mail on anyone unable to accept electronic filing] through the Court's ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

*/s/ Anthony S. Califano*
Anthony S. Califano

13468183v.1